# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

No. 09-50133
Summary Calendar

Charles R. Fulbruge III
Clerk

MICHAEL JOHN GITTINGER,

Plaintiff–Appellant

v.

SERGEANT RICHARD RAMOS, Bexar County Adult Detention Center;
SHERIFF RALPH LOPEZ, Bexar County Adult Detention Center;
COLONEL EARL GRIFFIN, Bexar County Adult Detention Center; DR
MIGUEL RAMIREZ-COLON; NELSON WOLFF, Bexar County Judge of the
County Commissioners Court,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-698

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael John Gittinger appeals the district court's denial of his motion for a preliminary injunction. Gittinger, a Bexar County Adult Detention Center ("BCADC") pre-trial detainee, sued various prison officials after they allegedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50133

destroyed his hearing aids, and requested a preliminary injunction mandating Bexar County to outfit all its courtrooms with accommodations for the hearing impaired. Because Gittinger has not demonstrated that he will be irreparably harmed if his requested preliminary injunction does not issue, we affirm the district court's denial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gittinger was arrested and booked into the BCADC in May 2007. At the time, Gittinger wore hearing aids. He alleges that a few weeks later, Sergeant Richard Ramos took his hearings aids and threw them in the trash. Gittinger filed a series of administrative grievances against Ramos; Colonel Earl Griffin, whom Gittinger alleged helped Ramos cover up the destruction of his hearing aids; and Sheriff Ralph Lopez, whom Gittinger alleged failed to maintain proper oversight of the offending officers.[1]

Gittinger then filed suit, *pro se* and *in forma pauperis*, against Ramos, Griffin, and Lopez,[2] alleging violations of his constitutional rights and deprivation of his property without due process of law. Shortly thereafter, Gittinger retained counsel, who filed a second amended complaint that added Bexar County, Bexar County Judge Nelson Wolff, and the Bexar County

---

[1] Although the record is not clear as to whether Gittinger exhausted his administrative remedies, the district court held that the defendants were estopped from claiming failure to exhaust because grievance officials never denied any of the grievances Gittinger filed. Neither party addresses this finding on appeal.

[2] Gittinger's original complaint also named five other defendants: Roger Ramirez, M.D., Medical Director, University Hospital Detention Healthcare Services, for trying to cover up the destruction of his hearing aids and for refusing to replace them; Adon Munoz, Director, Texas Commission on Jail Standards, for improper oversight of the BCADC; Brad Livingston, Executive Director, Texas Department of Criminal Justice, for improper oversight of the BCADC; Bexar County Commissioner's Court as an entity, for improper oversight of the BCADC; and Bexar County Judge Nelson Wolff for improper oversight of the BCADC. His first amended complaint only named Ramos as a defendant, but included the designation "et al." Based on this first amended complaint, the district court ordered service on Ramos, Lopez, and Griffin.

2

Commissioner's Court as parties.  Gittinger's second amended complaint also sought redress for continuous violations of the Americans' with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.,*  and included a motion for a preliminary injunction mandating the defendants to "immediately bring all Courtrooms at the Bexar County Courthouse and Criminal Justice Center into compliance with" the ADA. Specifically, Gittinger requested an order forcing the defendants to install sound equipment in all the courtrooms to assist the hearing impaired.

The district court referred Gittinger's motion for a preliminary injunction to a magistrate judge, who issued a report and recommendation opining that the district court should deny the motion.  The magistrate judge did so without holding an evidentiary hearing, instead accepting Gittinger's allegations as true. The district court adopted the magistrate judge's report and recommendation denying Gittinger's motion for a preliminary injunction, and Gittinger timely appealed the denial.

## II.  ANALYSIS

We review the district court's denial of Gittinger's motion for a preliminary injunction for abuse of discretion.  *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citing *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 163 (5th Cir. 1993)).  "A preliminary injunction is an extraordinary remedy" that a district court should only issue if the movant establishes:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citing *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006)).  We have also held that before ruling on a motion for a preliminary injunction, "[i]f no factual dispute is involved, . . . no

oral hearing is required; under such circumstances the parties need only be given 'ample opportunity to present their respective views of the legal issues involved.'" *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (quoting *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984)); *see also Parker v. Ryan*, 959 F.2d 579, 584 (5th Cir. 1992) (affirming grant of preliminary injunction without evidentiary hearing given "absence of *any* issue of disputed fact").

The magistrate judge accepted all of Gittinger's allegations as true, and concluded that Gittinger had not demonstrated entitlement to the extraordinary remedy of a preliminary injunction.  The magistrate judge observed that Gittinger had secured his grandfather's hearing aids, and had made no attempt to show why his continued use of them would not suffice to address his hearing needs in court in lieu of requiring the defendants to install new equipment in Bexar County's courtrooms.  Thus, the magistrate judge opined that Gittinger had not demonstrated the requisite irreparable injury necessary to secure a preliminary injunction.  The magistrate judge also stated that Gittinger's "bare bones" factual averments had not demonstrated a likelihood of success on the merits, that the public interest is not well served when federal courts issue injunctions requiring implementation of preliminary class-based relief, and that her acceptance of Gittinger's factual allegations as true negated any utility of an evidentiary hearing.

Gittinger argues that the magistrate judge abused her discretion by refusing to grant an evidentiary hearing to develop evidence in support of his request.  He argues that there exists no dispute that Bexar County is violating federal law, and that the magistrate judge erred to the extent that she relied on the lack of information that Gittinger provided in denying his motion without a hearing.  He describes the magistrate judge's conclusions as "circular logic," and insists that a reversal is warranted.

The district court did not abuse its discretion when it adopted the magistrate judge's report and recommendation denying Gittinger's request for an evidentiary hearing. Where, as here, there exists no factual dispute, the district court—or in this case the magistrate judge—may rule on a motion for a preliminary injunction without an evidentiary hearing. *See Parker*, 959 F.2d at 584. The magistrate judge's acceptance of Gittinger's version of the facts defeated the need to hold an evidentiary hearing.

Additionally, the district court did not abuse its discretion when it adopted the magistrate judge's recommendation that it deny Gittinger's request for a preliminary injunction. On appeal, Gittinger argues that he—as well as the general public—suffers harm with each appearance in a Bexar County courtroom that is not equipped with sound enhancement, closed captioning, or real-time transcription. He laments what he describes as the magistrate judge's "speculation" as to "how impaired . . . you have to be before you are harmed," but does not address the magistrate judge's conclusion that once he secured additional hearing aids, he made no attempt to demonstrate how Bexar County's failure to install hearing accommodations in every courtroom would lead to his irreparable injury. He likewise makes no attempt to demonstrate his likelihood of success on the merits or that the public interest would not be disserved by the district court's grant of preliminary relief. He therefore has not demonstrated entitlement to a preliminary injunction.

### III. CONCLUSION

The district court did not abuse its discretion when it adopted the magistrate judge's report and recommendation, which elected not to hold an evidentiary hearing. Likewise, the district court did not abuse its discretion when it denied Gittinger's motion. We therefore affirm the district court's denial.

AFFIRMED.

5